UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARUT PANCHITKAEW,<br><br>                    Plaintiff,<br><br>-against-<br><br>NY STATE ATTORNEY GENERAL; FBI; NASSAU COUNTY POLICE DEPARTMENT; NEW YORK CITY POLICE DEPARTMENT; NASSAU COUNTY; NEW YORK CITY; JOHN/JANE DOE; CHADE SCHUPLER; NEIGHBORS JOHN/JANE DOE; JOEL EWING; POSTMAN MICHAEL CASTELLANO; LOGAN GETTINGS; JUDY BLUMENBERG; DETECTIVE JOHN/JANE DOE; PO JOHN/JANE DOE; POSTMASTER CAROL DOES; KEVIN CUMMINGS; LT. DANIEL DANZI; POSTMAN MICHAEL JUDICE; CHRISTINE MALONEY; BELINDA BELLAMY; THAILAND ROYAL POLICE DEPARTMENT; PO MICHAEL PALAZZO; UNITED STATES POSTAL SERVICE; DETECTIVE DANIEL STELLER; KASMIR AHUJA,<br><br>                    Defendants. | 19-CV-9686 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a resident of Levittown, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

In 2018, Plaintiff filed three cases in the United States District Court for the Eastern District of New York, under 42 U.S.C. § 1983, against the Nassau County Police Department (NCPD), the Nassau County Medical Center (NCMC), and employees of both entities. Plaintiff alleged that Defendants unlawfully harassed him, arrested him, and confined him to a psychiatric facility. On February 12, 2019, the Eastern District consolidated the cases, and the matter is pending. *See Panchitkaew v. Nassau Cnty. Police Dep't*, No. 18-CV-956 (E.D.N.Y.) Although not named as a defendant, the FBI intervened, and successfully moved to quash a subpoena. On July 10, 2019, Plaintiff filed a third amended complaint. No. 18-CV-956, Doc. 83 (E.D.N.Y.)

Plaintiff filed his original complaint in this matter on October 21, 2019. He filed an amended complaint on November 27, 2019, which added new defendants and claims. Plaintiff alleges that Defendants have violated his rights "in countless occasions," and that the government entities he contacted for assistance failed to help him or investigate his complaints. (ECF Doc. 4 ¶¶ 45-57.) Plaintiff alleges that venue is proper in this Court because at least one defendant resides in this District, but he does not allege that a substantial part of the events or omissions giving rise to his claim arose in this district.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H.*

*Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Most of the underlying events occurred in Nassau County, where Plaintiff and most of the Defendants reside. Plaintiff

3

has related, ongoing litigation in the Eastern District of New York. Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).[1]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] Plaintiff should be aware of the venue issue; he has previously filed actions in this Court that were transferred to the Eastern District of New York because the causes of action arose in Nassau County. *See Panchitkaew v. Nassau Cnty. Police Dep't*, ECF 1:17-CV-9163, 6 (S.D.N.Y. Feb. 6, 2018); *Panchitkaew v. Blue Ridge Beverage Co., Inc.*, ECF 1:19-CV-9753, 5 (S.D.N.Y. Nov. 26, 2019) (same). *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 17, 2019
         New York, New York

                                            COLLEEN McMAHON
                               Chief United States District Judge