UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MARUT PANCHITKAEW, on behalf of himself and
All others similarly situated,

            Plaintiffs,

-against-

Nassau County et al, New York City et al, NY Attorney General et al,
Thailand Royal Police Department, United States Postal Service,
USPS Postal Inspector, Postman Michael Judice, Postman Michael
Castellano, Post Master Carol Does, Lt. Daniel Danzi, Detective
Daniel Steller, PO Michael Palazzo, Judy Blumenberg, Belinda
Bellamy, Christine Maloney, Kevin Cummings, Steven Sabat, Joel
Ewing, Logan Gettings, Kasmir Ahuja, Chade Schupler, PO
John/Jane Doe, Detective John/Jane Doe, Neighbors John/Jane Doe

            Defendants.

-----------------------------------------------------------------------X

**2nd AMENDED COMPLAINT**

JURY TRIAL DEMANDED

2019-CV-09686

## INTRODUCTION

1.     This is a civil rights action brought by Plaintiff, Marut Panchitkaew, to seek relief for the Defendants' violations of his rights secured by the Civil Rights Act of and 1871, 42 U.S.C. §1983, 18 U.S.C. §1708, 18 U.S.C. §2511, 29 U.S.C. §440, 18 U.S.C. §249, 28 U.S.C. §1331, and the rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitutions and the rights secured under the Constitutions of the State of New York, Article I, Sections 11 and 12, N.Y.C.L. GOB§11-104, N.Y. CPLR 215(3) and the common law of the State of New York. Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just.

2.     The fundamental cause of this is lawsuit was that Plaintiff and his Constitution Rights have been violated in countless occasions. He has been harassed since the end of the Year of 2014 when he was invited by Federal Bureau Of Investigation (FBI) to give information pertain to the Public Corruption case involving one of Nassau County Police Department (NCPD) officials. Nassau County police department exploit the loop-hole within the system of law with the sole purpose of ruining against Plaintiff by having Complainants/Neighbors falsely filed criminal complaints against Plaintiff resulting in him being falsely investigated for more than five [5] years. This is an Act of Retaliation against Plaintiff for disclosing certain confidential pertaining to the misconducts by this NCPD officer

and his team/unit (8th Precinct of NCPD). As a result, Plaintiff lost his jobs once after another with a falsely claimed notifications that he was under Police Investigation.

Plaintiff also suffer "Fail to Intervene" by Agencies and numerous traffic citations retaliated by NCPD.

3. Plaintiff brings this action to challenge violations of their constitutional rights to engage in First, Fourth, Fifth and Fourteenth Amendments, liberty and the right to live freely. On information and belief, Defendant County of Nassau, City of New York have, acting through their Nassau County Police Department (NCPD), New York Police Department (NYPD) respectively; developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or illegally surveillance, falsely investigating, without reasonable suspicion or probable cause, individuals who exercise their rights under the First, Fourth, Fifth and Fourteenth Amendments by producing statement and filing complaint[s] to Federal Bureau of Intelligence (FBI) for NCPD Public Corruption and Suing (INPROPRIA PERSONA) NCPD for false arrested Plaintiff on February 17th, 2016 [See: EDNY 2:19CV00956].

4. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to constituents of the United States by First, Fourth, Fifth and Fourteenth Amendments to the Constitutions of the United States of America and were therefore in violation of 42 U.S.C. § 1983. Nassau County and its Arm Force, NCPD, should have intervened, provide protection, helping Plaintiff with his issue as he and his family of whom live in the said county where jurisdiction is in their hands.

5. Plaintiff bring this action to challenge violations of their Federal and State constitutional Rights on Nassau County et al and other Defendants for Retaliation, Illegal Surveillance and False Investigation, Failure to intervene/omission to serve and protect Plaintiff from Hate Crime, Harassment, Assaults in an on-going manner.

## JURISDICTION

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343(3) and (4), as this action seeks redress for the violation of Plaintiff' constitutional and civil rights.

7. Plaintiff' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §2201 and §2202 and Rule 57 of the Federal Rules of Civil Procedure.

8. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because at least one of the Defendants resides in the Southern District.

## JURY DEMAND

7. Plaintiff demand a trial by jury in this action on each and every one of his claims.

## PARTIES

8. Plaintiff Marut Panchitkaew ("Panchitkaew"), at all times relevant hereto, resident of the State Of New York, Nassau County.

9. Nassau County is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to §431 of its Charter. The County of Nassau (NY) is authorized under the laws of the state of New York to maintain a police department, the Nassau County Police Department ("NCPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Nassau County District Attorney which acts as its agent in the area of Criminal Investigation/Prosecution. Nassau County Social Service which acts as its agent in the area of Public Health. Nassau County Attorney which acts as its agent in the area of Legal Affair. The County assumes the risks incidental to the maintenance of Police, District Attorney (NCDA), Social Service (NCSS), County Attorney (NCA) force[s] and the employment of the aforementioned agents/investigators/officers.

10. New York City is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to §431 of its Charter. The city of New York is authorized under the laws of the state of New York to maintain a police department, the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of the aforementioned police officers/detectives.

11. At all relevant times, the County of Nassau (NY) and its NCPD, NCDA, NCSS, NCA hired, employed, supervised and controlled the individual Defendants.

12. At all relevant times, the City of New York and its NYPD hired, employed, supervised and controlled the individual Defendants.

13. NYAG Defendants is a state corporation duly incorporated and authorized under the laws of the State of New York.

14. USPS is a federal government responsible for providing postal service in the United States,

including its insular areas and associated states and formally subject to oversight and direction by the United States Attorney General ("USAG").

15. The Royal Thai Police (RTP) is the national police force of Thailand. The RTP is frequently recognized as the fourth armed force of Thailand.

16. Kashmir Ahuja is Plaintiff's former partner resides on 324 Blacksmith Rd, Levittown, NY 11756.

17. Steven Sabat is Plaintiff's neighbor resides on 447 Gardiners Avenue, Levittown, NY 11756.

18. Joel Ewing is Plaintiff's neighbor resides on 438 Gardiners Avenue, Levittown, NY 11756.

19. Logan Gettings is Plaintiff's neighbor resides on 453 Gardiners Avenue, Levittown, NY 11756.

20. Chad Schupler is Plaintiff's neighbor resides on 90 Spring Lane, Levittown, NY 11756.

21. Kevin Cummings is and/or were at all times relevant herein, officers, employee, and agents of the Nassau County Attorney (NCA), a sub municipal agency of the County. He is duly appointed and acting as Investigator of the NCA. Kevin Cummings sued in his individual and official capacities.

22. Defendant Judy Blumenberg is and/or was at all times relevant herein, an officer, employee, and agent of the NYAG – Consumer Bureau.

23. Defendant Christine Maloney is and/or were at all times relevant herein, officers, employee, and agents of the Nassau County District Attorney (NCDA), a sub municipal agency of the Nassau County. She is duly appointed and acting as Liaison of the NCDA – Public Corruption Bureau. Christine Maloney sued in her individual and official capacities.

24. Defendant Belinda Bellamy is and/or were at all times relevant herein, officers, employee, and agents of the Nassau County Social Service (NCSS), a sub municipal agency of the Nassau County. She is duly appointed and acting as Investigator of the NCSS. Belinda Bellamy sued in her individual and official capacities.

25. Defendant Police Officer Daniel C. Steller ("Steller"), is and/or was at all times relevant herein, an officer, employee, and agent of the NCPD – Internal Affair, a sub municipal agency of the County. He is duly appointed and acting as an Internal Affair of the NCPD. Steller is sued in his individual and official capacities.

26. Defendant Police Officer Daniel J. Danzi ("Danzi") is and/or were at all times relevant herein, officers, employee, and agents of the NCPD – Internal Affair, a sub municipal agency of the County. They are duly appointed and acting as Internal Affair of the NCPD. Danzi sued in his individual and official capacities.

27. Defendant police officers/detective John/Jane Doe ("John/Jane Doe") are and/or were at all times relevant herein, officers, employees, and agents of the NCPD, a municipal agency of the

County. John/Jane Doe are duly appointed and acting as police officers and detective of the NCPD. John/Jane Doe are sued in their individual and official capacities.

28. Defendant police officers/detective John/Jane Doe ("John/Jane Doe") are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the County. John/Jane Doe are duly appointed and acting as police officers and detective of the NYPD. John/Jane Doe are sued in their individual and official capacities.

29. Defendant police officers/detective John/Jane Doe ("John/Jane Doe") are and/or were at all times relevant herein, officers, employees, and agents of the Royal Thai Police (RTP), an independent agency of Thailand Government. John/Jane Doe are duly appointed and acting as police officers and detective of RTP. John/Jane Doe are sued in their individual and official capacities.

30. Defendants John/Jane Doe – (NCPD Defendants) were, at all relevant times relevant herein, on duty with the NCPD on June 2015 till date.

31. Defendants John/Jane Doe – (NYPD Defendants) were, at all relevant times relevant herein, on duty with the NCPD on June 2015 till date.

32. Defendants John/Jane Doe – (RTP Defendants) were, at all relevant times relevant herein, on duty with the RTP on June 2015 till date.

33. At all times relevant herein, NCPD Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the County and/or the NCPD in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for an on behalf of the County and/or the NCPD with the power and authority vested in them as officers, agents and employees of the County and/or the NCPD and incident to the lawful pursuit of their duties as officers, employees and agents of the County and/or the NCPD.

34. At all times relevant herein, NYPD Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for an on behalf of the County and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

35. At all times relevant herein, RTP Defendants were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the Country

and/or the RTP in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for an on behalf of the Country and/or the RTP with the power and authority vested in them as officers, agents and employees of the City and/or the RTP and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the RTP.

36. At all time hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statues, customs, usages and/or practices of the Nassau County and New York City.

37. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by either defendant, Nassau County, New York City, New York Attorney General, and USPS and USPS Postal Inspector.

## FACT

38. The Car Vandalization is common but when it happens so frequent that one has to learn patching his own tires. Plaintiff's cars have been passively vandalized while neighbors nearby never once experienced the same. Timothy Mischke and his team, a family member of NCPD were seen numerous times at night damaging Plaintiff's cars [**NY Penal §145.14** - Criminal Tampering in the 3rd Degree]. Once NCPD – 911 called, Plaintiff was told there was nothing they can do. Plaintiff moved to file a complaint with NCDA, there was no further help by the said Entity. Henceforth, he has been keeping, at the very minimal, two cars just to secure his **Liability of a Transportation**.

39. On or around April, 2017, Plaintiff was nearly charged with False Felony Charges by NCPD. Fortunately, Plaintiff notified FBI – Thailand Legate about the incident. FBI – New York stepped in and ceased the False Arrest. This False Arrest was in according to Lt. Danzi and Det. Steller Defendants' Orchestrated Plan. This Arrest was consisted of Fabricated Evidences and False Witness[es] of whom comprised of Neighbors Defendants John/Jane Doe.

40. During his job at **'Quintiles'** in June, 2017. His employment contract was **unjustifiably terminated** a couple months later due to his being criminally investigated by NCPD.

41. On February of 2019, both of EDNY **Federal Honorable Judges'** [Hon. Judge Azrack, and Hon. Judge Locke] **mails** sent to Plaintiff, among other mails were **tampered by USPS – Levittown office** employee. Plaintiff's mails have been tampered since 2014. Plaintiff has asked not only USPS Inspector but also USPS Inspector General to investigate the complaint, there was no substantial improvement. USPS Postal Inspector assigned local law enforcement to investigate. As a result, NCPD abused this loop-hole to surveillance Plaintiff's mails, parcels, and packages warrantlessly.

42. On or around 07/23/2018, Defendant Belinda Bellamy **of Nassau County Social Service's Investigator visited Plaintiff's premises scaring his mother threatening to arrest Plaintiff for harassing his own mother.**

43. On 03/02/2019, **Plaintiff was threatened and physically assaulted by his neighbor, "Steven Sabat" Defendant**. This was the act of Hate Crime. Moreover, Mr. Sabat vandalized Plaintiff's vehicle damaged his car with snow shovel. He also used the very same shovel to stump on Plaintiff's toe which was fracture months earlier. NCPD turned a blind eye on this incident and told plaintiff to take the said defendant to the Court.

44. On or around May, 2019, Plaintiff's Neighbor, "Logan Gettings" Defendant, approached Plaintiff and verbally assaulted him in public. He also warned Plaintiff of moving out of town or he would physically harm plaintiff in such harsh approach. NCPD refused to produce a report.

45. On or around 08/16/2019, Plaintiff was notified by Citibank (Plaintiff's Bank) that there was someone has filed a dispute for the transaction of "Veritext", the **Court Reporting Company** Plaintiff employed as his 'EDNY 2:19CV00956' Deposition Service. Interestingly, the date of the aforementioned dispute was on August 15th, 2019 which was the day that Plaintiff was at Nassau County Attorney Office whole day excelling his Deposition against the NCPD Defendants. NCPD has violated not only Plaintiff's Rights but also The Wiretap Act, codified by 18 U.S. Code § 2511, *Identity Theft and Assumption Deterrence Act codified by 18 U.S.C. §1028(a)(7), and identification fraud codified by 18 U.S.C. §1028.*

46. On May 15th, 2019, Nassau County Official, Mr. Cummings, tampered Plaintiff's Mailbox which violated Plaintiff's Rights codified by 18 U.S.C. § 1705 and NYS Panel Law § 140.14; "Nobody other than USPS Mail Delivery Person allow to drop anything into one's mailbox".

47. On 04/02/2018, Neighbor Defendant "Mr. Ewing" came to Plaintiff's House yelling at Plaintiff accusing him for performing an 'Oil Change' on the street, in front of his house. Mr. Ewing **tried dragging Plaintiff's Sister** who broke her foot at the time to clean the Oil Strain on the aforementioned area. Plaintiff and his family apologized and walked back to the house. Few minutes later, Plaintiff and his sister saw Mr. Ewing shattered Plaintiff Vehicle's windshield. Police were called. NCPD – 8th Precinct refused to initiate any investigation stating it was the gravel that caused the cracked plaintiff's car windshield – in Summer parked in driveway. No gravel nor evidential object supporting NCPD's hypothesis.

48. On February 11th 2015, Defendant "Mr. Schupler" intentionally rear-ended Plaintiff's vehicle. NCPD came to the scene along with detective. Despite the fact that Plaintiff's vehicle suffers the loss from only the back of his vehicle, NCPD declared that it was Plaintiff's fault and produced unfairly accidental report to be in favor of Defendant "Schupler". As a result, Plaintiff suffered a total loss of


his vehicle. In addition, Plaintiff also suffocated permanent damage of his lower-back/ *'lumbar spine vertebra'* Spine (L4-L5). NCPD refused to initiate an investigation of Plaintiff's Complaint that the said defendant might have been intoxicated and operated vehicle recklessly (high speed in 30 miles/hour limit zone).

49.     Plaintiff's all means of communication have been tampered and there was no one that could help solving this issue. On 07/11/2015, there was someone claimed to be Plaintiff forged the Notarized letter to let unverified messenger to pick up the package from USPS Levittown Office to drop it off at Plaintiff's house, which is less than a mile down the road. Interestingly, the **forged notarized letter** was from Chicago, IL while Plaintiff was in Levittown, NY at the time. Moreover, USPS Levittown Post Office Supervisor, "Mike Castellano", despite knowing that **it was a false claimed letter**, managed to release Plaintiff's package to the said messenger. The package was of "Counterfeit Gold" that Plaintiff had already canceled. Plaintiff has been enduring the Mail Tampering by this USPS since 2014. Due to the fact that there was USPS employee involved, Plaintiff has forwarded his complaint to not only USPS Inspector but also USPS OIG. Till date, Plaintiff's mails often being tampered and Mail Man "Michael Judice" is knowingly delivering it to Plaintiff's mailbox. Once notified to his Supervisor, Carol Does, there was no action took place.

50.     Plaintiff decided to invest in a Liquor Store with his Family's Friend, "Kashmir Ahuja". A week later, he withdrawn. Mr. Ahuja produced a check of Forty Thousand Dollars ($40,000) in which was bounced. He stated that he knows big cop in NCPD and nobody would get him in trouble for the said 'Bounced Check' - **NYS PEN § 190.05**[1]. Plaintiff and his Mother went to seek help from NCDA. Consequently, there was no DA had shown any sign of help for the aforementioned criminal matter. Notwithstanding, Plaintiff then moved to seek help from Defendant 'Judy Blumenberg' of New York Attorney General (NYAG) – Bureau of Consumer Frauds & Protection. A year later, Plaintiff received the letter from the aforementioned office that Plaintiff's case was transferred to NYAG - Nassau County office. Once Plaintiff called to verify the status of the case, Plaintiff was told by the said office's NYAG Defendant John Does that **Plaintiff was criminally investigated by NCPD**. As a result, NYAG would not be able to provide any help in pertinent to Plaintiff Mother's bounced check any further.

---

1.   **NYS PEN § 190.05 – Issuing a bad check (class B misdemeanor):**

     A person is guilty of issuing a bad check when:

     1. (a) As a drawer or representative drawer, he utters a check knowing that he or his principal, as the case may be, does not then have sufficient funds with the drawee to cover it, and (b) he intends or believes at the time of utterance that payment will be refused by the drawee upon presentation, and (c) payment is refused by the drawee upon presentation; or

     2. (a) He passes a check knowing that the drawer thereof does not then have sufficient funds with the drawee to cover it, and (b) he intends or believes at the time the check is passed that payment will be refused by the drawee upon presentation, and (c) payment is refused by the drawee upon presentation.

51. On July 17th, 2019 during the Conference Call for the Case: 2:18CV00956, there was an interference during the course. This signified that there was NCPD tapping his phone during the aforementioned course; the Federal Case Conference. This indication was not the first time as **it has been taking place numerous occasions especially during Plaintiff's Job Interview[s]**. NCPD's Illegal Surveillance has been taking place since days after Plaintiff went to FBI to produce Statement against one of NCPD members.

52. After knowing that Plaintiff was being falsely criminalized by NCPD. He moved to file a complaint with NCDA – Public Corruption for the same. A week later, Chief of the bureau, Defendant 'Christine Maloney' denied helping. The answer was that 'Plaintiff's Complaint doesn't warrant'.

53. Plaintiff decided to move to Thailand for a new life. Notwithstanding, NCPD managed to initiate these False Allegations to Royal Thailand Police (RTP). As a result, not only Plaintiff was being surveillance by RTP but also nearly being charge with False Crimes he never aware of.

54. NCPD intentionally issues nearly all Accident Reports to be unfairly to Plaintiff. As a result, most of accidents plaintiff involved, insurance companies have found plaintiff to be highly liable for accidents he was passively involved.

55. NCPD retaliate Plaintiff by issuing Frivolous Traffic Citations. One of NCPD officers that issued Plaintiff 20 points repeated tickets in one stop is now caught embellished the truth during his [inconsistent] testimony. His Arrest[s] are now being investigated by Nassau District Attorney for possibly false arrest[s], some of which have already been dismissed.

56. Plaintiff was prohibited from getting an employment within Nassau County, NY. This was due to the fact that Plaintiff is targeted individual by NCPD. In addition, plaintiff was told to volunteer with Nassau County's Republican Club as most appointed job within the County and Towns within the county is under influenced/controlled by the aforementioned political party.

57. NCPD Defame Plaintiff of False Allegation[s] to many people in the community Plaintiff lives in. Moreover, NCPD move to defame/ **"Libel per se"** plaintiff on Social Media [Facebook] violating Plaintiff's Right to life has dignity and a will of their own [U.S. Constitutions: **2nd** Amendment].

58. On May 20th, 2015, Plaintiff incorporated his own IT firm specialized in 'Data Warehouse' under New York State Corporation Law known as "Pure Soft Incorporation". Notwithstanding, he could never be able to receive any IT contract. This is due to the unconstitutional surveillance by NCPD. Each and every call/email were interfered by the said law enforcement claiming that Plaintiff is under investigated for unidentified criminal activity[ies].

59. NCPD prevent Plaintiff from not only living freely but to able to pursue his career and prosper in life. NCPD established discriminatory and unjustified surveillance against Plaintiff since 2015. The year that Plaintiff went to FBI to produce statement against some of NCPD officers. Due to the fact that each and every surveillance require Court's warrant, NCPD manage to acquire warrant[s] by fabricating false evidences, orchestrate false witnesses, and producing False Criminal Complaints against Plaintiff by Plaintiff's Neighbors – Defendants Neighbors John/Jane Doe. This Unconstitutional Racial Profiling Program aiming solely to prevent Plaintiff from getting a job matching with his Degree and to segregate Plaintiff from living freely and equally same way NYPD once did to Muslim Community during 2011 – 2016 (See: 1. **RAZA V. CITY OF NEW YORK,** 2. **Handschu v. NYPD Special Services Division)**[1].

**Annotation:** Plaintiff is of Under-Represented Minority from Thailand of whom believes in **Buddhism** and **Socrates** Follower.

60. From 2015 – till date, Plaintiff MARUT PANCHITKAEW, is lawfully present at his premise, of the address 450 Gardiners Avenue, Levittown in Nassau County in the State of New York.

61. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitutions of the United States.

62. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to constituents of the United States by the First, Fourth, Fifth and Fourteenth Amendments to the Constitutions of the United States of America and were therefore in violation of 42 U.S.C. § 1983.

63. The acts complained of were carried out by the aforementioned individual defendants in their official capacities with all the actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual defendants in their official capacities pursuant to the customs, usages, practices, procedures, and rules of THE COUNTY OF NASSAU, New York City and Royal Thai Police, all under the supervision of ranking officers of said department.

---

1.1 **RAZA V. CITY OF NEW YORK:** - Raza et al v. City of New York et al, EDNY 1:13-cv-03448 - The NYPD's program, dedicated to the total surveillance of Muslims in the greater New York City area, operated under the unconstitutional premise that Muslim beliefs and practices are a basis for law enforcement scrutiny

1.2 **Handschu v. Special Services Division, SDNY 1:71-cv-02203-CSH-SCS** - This case involves a challenge to various surveillance and investigative practices directed at political organizations by the New York City Police Department

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

42 U.S.C. §1983, 29 U.S.C. §440, 18 U.S.C. §249, 28 U.S.C. §1331

and First and Fourteenth Amendments

By Plaintiff Against All Defendants

65. Plaintiff repeat and reallege by reference paragraphs 1 through 64 as if fully set forth herein.

66. Plaintiff MARUT PANCHITKAEW repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

67. As a result of defendants' conduct, Plaintiff was subjected to illegal surveillance, improper and falsely investigated without probable cause, privilege, or consent.

68. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated, emotional anguished, and mentally effect.

69. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of their rights to freedom of speech, assembly and association under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitutions.

70. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of their First and Fourteenth Amendment rights to free speech, assembly and association. Plaintiff is afraid and apprehension that they will, again, be subject to similar unlawful acts by Defendants done for the purpose of limiting and preventing his First Amendment.

71. As a direct and proximate result of the individual Defendants' unlawful actions, Plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### SECOND CLAIM FOR RELIEF

(Monell Claim)

By Plaintiff Against NCPD, NCDA, NYAG, NYPD, RTP Defendants

72. Plaintiff repeats and re-alleges by reference paragraphs 1 through 71 as if fully set forth herein.

73. At all relevant times herein, All Defendants, acting through its Nassau County, New York City and Thai Royal Police, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

74. All Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, and Fourteenth Amendments to the U.S. Constitutions.

75. The constitutional abuses and violations by NYPD, NCPD, and RTP Defendants, through the actions of its Police Department, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by NYPD, NCPD, and RTP Defendants, including the failure: (a) to adequately supervise and train its officers and agents, employee, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers/hospital staff, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the County of Nassau (NY), New York City, and Country of Thailand.

76. Upon information and belief, NYPD, NCPD, and RTP Defendants have, acting through its NYPD, NCPD, and RTP, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, detaining, confining without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

77. NYPD, NCPD, and RTP Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, and Fourteenth Amendments to the U.S. Constitutions.

78. NYPD, NCPD, and RTP Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

79. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

## THRID CLAIM FOR RELIEF

Article I, Section 11 of New York State Constitutions

By Plaintiff Against All Defendants

80. Plaintiff repeat and reallege by reference paragraphs 1 through 79 as if fully set forth herein.

81. The acts of NYPD, NCPD, and RTP Defendants, acting under color of law, in planning to false investigation, and illegal surveillance of Plaintiff was racially motivated and were done without lawful justification, and were designed to and did cause specific and serious mentally harm, pain and suffering to the Plaintiff in violation of their Constitutional rights to equal protection as guaranteed by Article I, Section 11 of the Constitutions of the State of New York.

82. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitutions of the State of New York.

## FORTH CLAIM FOR RELIEF

(Respondent Superior)

By Plaintiff Against All Defendants

83. Plaintiffs repeat and reallege paragraphs 1 through 82 as if fully set forth herein.

84. The conduct of NCPD Defendants occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as Nassau County Police Officers and while they were acting as agents and employees of the NCPD Defendants. NCPD Defendants is liable to Plaintiff under the common law doctrine of respondent superior.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray for relief as follows:

a. A declaration that Defendants' conduct violated the First, and Fourteenth Amendments to the U.S. Constitutions and Plaintiff's rights under the New York State Constitutions and state common law in the manners alleged herein, upon consideration of the evidences adduced at trial or otherwise;

b. An injunction enjoining NCPD, NYPD, and RTP Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

c. Award Plaintiff compensatory damages against the NCPD, NYPD and RTP Defendants,

including, but not limited to any emotional distress, re-compensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

d.      Award Plaintiff punitive damages;

e.      Award costs of Suit pursuant to 42 U.S.C. §1983, §1920 and §1988;

f.      Award such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

g.      Fifty Percent (50%) of the settlement, and/or Award for this suit will be donated to the Non-Profit Agency as Honorable Court deemed appropriate.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Date: December 17, 2019

Truthfully Yours,

*[signature]*

Federal Litigant
450 GARDINERS AVENUE
LEVITTOWN, NY 11756
TEL: 516-996-9349 (C)
TEL: 516-396-0987 (H)
PLAINTIFF – PRO SE
(IN PROPRIA PERSONA)