UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARUT PANCHITKAEW,

                Plaintiff,

      -against-

NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY, JANE/JOHN DOE, CHADE SCHUPLER, NEIGHBORS JOHN/JANE DOE, JOEL EWING, POSTMAN MICHAEL CASTELLANO, LOGAN GETTINGS, JUDY BLUMENBERG, DETECTIVE JOHN/JANE DOE, PO JOHN/JANE DOE, POSTMASTER CAROL P. POPISIL, KEVIN CUMMINGS, LT. DANIEL DANZI, POSTMAN MICHAEL JUDICE, CHRISTINE MALONEY, BELINDA BELLAMY, THAILAND ROYAL POLICE DEPARTMENT, STEVEN SABAT, P.O. MICHAEL PALAZZO, UNITED STATES POSTAL SERVICE, DETECTIVE DANIEL STELLER, KASMIR AHUJA, and POST MASTER CAROL DOES,

                Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

19-CV-7233 (LDH)

L&#x1D00;S&#x029F;&#x1D00;&#x0274;&#x0274; D&#x1D07;A&#x0280;&#x1D04;&#x028F; H&#x1D00;&#x029F;&#x029F;, United States District Judge:

      Marut Panchitkaew ("Plaintiff"), proceeding pro se, brings this in forma pauperis action against Nassau County, the Nassau County Police Department ("NCPD"), New York City, the New York City Police Department ("NYPD"), and 22 other Defendants, including the Thailand Royal Police Department and the United States Postal Service ("USPS"). Plaintiff seeks damages and injunctive relief for alleged violations of his constitutional rights as well as for violations of New York law. The Court grants Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, but dismisses the complaint as set forth below.

1

## BACKGROUND[1]

Toward the end of 2014, Plaintiff provided information to the Federal Bureau of Investigations ("FBI") concerning alleged corruption of Nassau County Police Department ("NCPD") officials. (Sec. Am. Compl. ¶ 2, ECF No. 8; Suppl. Compl. 28, ECF No. 17.[2]) Since then, Plaintiff claims to have been harassed by NCPD, specifically that the NCPD, his neighbors, and other named Defendants are conspiring to deprive him of his constitutional rights in retaliation for providing information to the FBI. (*See generally* Sec. Am. Compl., Suppl. Compl.). Plaintiff alleges the NCPD and New York Police Department ("NYPD") "developed, implemented, enforced, encouraged and sanctioned a de facto police, practice, and/or custom of unlawfully interfering with and/or illegal surveillance, falsely investigating . . . individuals who exercise their rights under [the Constitution] by filing complaint[s] to the [FBI]." (Sec. Am. Compl. ¶ 3.) Plaintiff alleges that he has been improperly surveilled, the subject of wiretapping and mail tampering, and that he has been harassed by electromagnetic radiation devises, perhaps, as he suggests, planted by Defendants. (*See generally* Sec. Am. Compl., Suppl. Compl.) One incident of wiretapping he describes occurred during a conference call with the Court for a separate matter on July 17, 2019. (Suppl. Compl. ¶ 27.) Further, Plaintiff alleges numerous personal disputes with his neighbors, concerning the alleged slashing of Plaintiff's tires and surveillance of Plaintiff. (*See generally* Sec. Am. Compl., Suppl. Compl.) Plaintiff also alleges that the New York Attorney General failed to investigate a bad check written by Plaintiff's

---

[1] The factual allegations are drawn from Plaintiff's complaints and assumed to be true for the purposes of this memorandum and order.

[2] Because of Plaintiff's pro se status, the Court construes Plaintiff's filing of a "supplemental complaint" on May 21, 2021, as a request for leave to amend the second amended complaint. The Court grants Plaintiff the amendment and considers both the second amended complaint and the supplemental complaint in tandem as they each include different facts.

former business partner. (Suppl. Compl. ¶ 26.) Plaintiff assumes the lack of investigation resulted from Plaintiff himself allegedly wrongfully being the subject of a criminal investigation. (*Id.*)

Plaintiff alleges various other conduct purportedly carried out by one, many, or all of the Defendants against Plaintiff and others, including, *inter alia*:

- Electromagnetic radiation devices, perhaps planted by some Defendants, killed three elderly women;
- NCPD, perhaps, has been logging into Plaintiff's Facebook without permission;
- NCPD is spreading false information about Plaintiff to his neighbors. In addition, NCPD claims Plaintiff has a mental disorder and has harassed Plaintiff's friends, his fiancé-to-be, his CVS cashier, his orthopedic physician assistant, his neighbors, and Plaintiff's favorite Thai restaurant into cooperating with the NCPD or cutting off contact with Plaintiff;
- NCPD refused to investigate a threatening text Plaintiff received after winning a car settlement in 2015;
- NCPD, Nassau County District Attorney, and judges do not investigate, prosecute, and sentence alleged criminals, and Nassau County departments work with volunteers who allegedly have criminal histories;
- NCPD covers up police brutalities;
- Nassau County has not responded to some of Plaintiff's Freedom of Information Law Requests;
- NCPD forced Plaintiff's ex-brother-in-law into filed false felony charges against Plaintiff's sister;
- Plaintiff's mail has been tampered with, and USPS failed to investigate his claims;
- Nassau County Social Services scared his mother by stopping by Plaintiff's family home;
- Plaintiff has lost his jobs because he was allegedly under criminal investigation;
- Plaintiff was the subject of a false arrest in 2017; and
- Plaintiff's tires have been repeatedly slashed, perhaps by individuals conspiring with the NCPD.

(*See generally* Sec. Am. Compl., Suppl. Compl.)

## STANDARD OF REVIEW

Under 28 U.S.C.A. § 1915(e)(2)(B), a district court shall dismiss an action when a plaintiff proceeds *in forma pauperis* where it is satisfied that the action is "(i) frivolous or

3

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

Nevertheless, "the in forma pauperis statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation omitted). Accordingly, a court has the inherent power to dismiss a case sua sponte if it

4

determines that the action is frivolous. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). An action is "frivolous" when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting *Denton*, 504 U.S. at 32–33)).

Further, as a matter of judicial discretion, "a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

## DISCUSSION

By way of context, this is not Plaintiff's first lawsuit. Indeed, the present action is one of six Plaintiff has filed in this district in the last four years.[3] Of particular relevance are his first three lawsuits: *Panchitkaew v. Nassau County Police Department et al.*, No. 18-cv-956 (E.D.N.Y.) (Panchitkaew I); *Panchitkaew v. Nassau University Medical Center et al.*, No. 18-cv-4698 (E.D.N.Y.) (Panchitkaew II); *Panchitkaew v. Nassau County et al.*, No. 18-cv-4699 (E.D.N.Y.) (Panchitkaew III). Plaintiff commenced Panchitkaew I on November 21, 2017.

---

[3] *See Panchitkaew v. Nassau Cnty. Police Dept.*, No. 18-cv-956 (E.D.N.Y.) (Panchitkaew I); *Panchitkaew v. Nassau Univ. Med. Ctr.*, No. 18-cv-4698 (E.D.N.Y.) (Panchitkaew II); *Panchitkaew v. Nassau Cnty.*, No. 18-cv-4699 (E.D.N.Y.) (Panchitkaew III); *Panchitkhaew v. North Shore-LIJ Hosp.*, No. 19-cv-6206 (Panchitkaew IV); *Panchitkaew v. Blue Ridge Beverage Co., Inc.*, No. 19-cv-6869 (Panchitkaew V).

5

(Panchitkaew I, Compl., ECF No. 1.)  There, Plaintiff alleged that NCPD officers threatened him for complaining to the FBI and subsequently broke into his house and arrested him in 2016.  (*See generally id.*)  Following his arrest, as Plaintiff claims, he was improperly held at Nassau University Medical Center against his will.  (*Id.*)  Then, on August 20, 2018, Plaintiff commenced Panchitkaew II.  (Panchitkaew II, Compl., ECF No. 1.)  In that case, Plaintiff repeated some of the allegations raised in Panchitkaew II regarding the alleged false arrest in 2016; Plaintiff additionally claimed that the medical staff at the Nassau University Medical Center treated him without his consent.  (Panchitkaew II, Am. Compl. ¶¶ 21–25, 29, ECF No. 9.)  Plaintiff commenced Panchitkaew III on August 20, 2018.  (Panchitkaew III, Compl., ECF No. 1.)  There, Plaintiff alleged ongoing harassment by NCPD and others since his alleged reporting of corruption to the FBI in 2014; among other things, Plaintiff accused some or all defendants of:

- Stalking Plaintiff;
- Vandaliz[ing] Plaintiff and his family's vehicles;
- Break[ing] in[to] Plaintiff's premise on various occasions;
- Robbery & Car-theft [of] Plaintiff's father's vehicle;
- Other murder conspiracy by foregoing defendants' mischiefs;
- Forc[ing] Plaintiff and his ex-wife to stage illegal activities and video-tape for blackmailing;
- Forc[ing] Plaintiff's ex-wife to file frivolous charges against plaintiff;
- Interven[ing] [with] plaintiff's mother, forcing her surgeons to cause complication in her surgery/malpractice resulting in her permanent physical/mental damage . . .
- Plac[ing] surveillance devices around plaintiff's premise with the intent to harm plaintiff and his family's physical health;
- Control[ling] & maneuver[ing] radiation related devices which result in death of two elderlies living nearby and plaintiff's mother to suffer a cancer;
- Wiretap[ping] [and] electronic mail tamper[ing] against plaintiff in order to prevent plaintiff from getting a job, from going to his graduate school, and to prosper his future in any other approach; and
- Constantly utilize[ing] radio-active device to harass plaintiff and his . . . mother.

6

*Panchitkaew v. Danzi*, No. 18-cv-4698, 2019 WL 569110, at *2 (E.D.N.Y. Feb. 12, 2019) (numbers altered to bullet points).

In sum, Panchitkaew I, II, and III all relate to alleged conduct and harassment resulting from Plaintiff's alleged reporting of police misconduct in 2014 and were brought against some of the defendants sued in this instant action. Judge Azrack[4] consolidated Panchitkaew I, II, and III on February 12, 2019, and thereafter dismissed Panchitkaew III for failing to state a non-frivolous claim.[5] *Id.* at *5. Specifically, the court found the allegations in Panchitkaew III to "rise to the level of irrational or the wholly incredible." *Id.* And, to the extent Plaintiff raised valid claims in Panchitkaew III, the court found them to be duplicative of Plaintiff's claims for an alleged false arrest and other related conduct by defendants in 2016 raised in Panchitkaew I. *Id.* Accordingly, the court dismissed Panchitkaew III and denied Plaintiff leave to file an amended complaint. *Id.* at *4. Finally, the court instructed that Plaintiff make all future filings regarding "deprivations of his constitutional rights by some of the same defendants" with overlapping facts to be filed only in Panchitkaew I. *Id.* at *3, 5.

Notably, the allegations Judge Azrack found insufficient in Panchitkaew III closely mirror those raised by Plaintiff in this instant action. The Court agrees with Judge Azrack's determination in Panchitkaew III. That is, the allegations in this present action—like those in Panchitkaew III—are "replete with fantastic and delusional scenarios" and thus fail "to state a colorable claim." *Mecca v. U.S. Gov't*, 232 F. App'x 66 (2d Cir. 2007) (affirming sua sponte dismissal of forma pauperis action that alleged ongoing deprivation of rights, invasion of privacy, fraud, torture, and premeditated attempted murder).

---

[4] Panchitkaew I and its consolidated cases were reassigned from Judge Azrack to this Court on March 26, 2019.
[5] Of Plaintiff's six actions, two have been dismissed sua sponte by the court. *See* Panchitkaew III; Panchitkaew V.

7

Even if Plaintiff's claims were not replete with fantastic and delusional scenarios, they fail for several independent reasons. *First*, it is questionable, to say the least, whether the action is properly brought against some of the Defendants—specifically, the United States Postal office, the Thai Police, and the Postmaster. *Second*, many of Plaintiff's allegations regarding Defendants' general corruption, general failure to investigate crimes, general hiring practices, and general conduct perpetrated against others fail to allege concrete harm suffered by Plaintiff resulting from those actions. *Third*, to the extent Plaintiff alleges claims against individual neighbors or his former business partner (the complaints are unclear on whether he does), Plaintiff has failed to establish that those claims are properly brought in federal court. *Fourth*, and finally, to the extent that Plaintiff has valid complaints concerning actions the NCPD took against him—specifically, an alleged false arrest in 2016 and related conduct—those claims are already being pursued in Panchitkaew I and are thus duplicative. For the foregoing reasons, this action is dismissed. Because this is Plaintiff's fourth case alleging similar conduct, Plaintiff has already filed multiple complaints in this action, and any amendment would not cure the deficiencies identified by the Court, the Court declines giving Plaintiff an opportunity to amend the complaint. The Court warns Plaintiff that initiating further frivolous or duplicative actions may result in the imposition of a pre-filing injunction or other sanctions.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaints fail to state a claim upon which relief may be granted and are therefore DISMISSED WITH PREJUDICE. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purpose of an appeal. *See Coppedge v.*

8

*United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully DIRECTED to send a copy of this order by certified mail, return receipt requested, to pro se Plaintiff at his address of record.

                                                SO ORDERED.

Dated: Brooklyn, New York  
       March 28, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

9